UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
Charles E. Hewitt,                              :
                                                :       CASE NO. 1:11-CV-2682
            Plaintiff,                          :
                                                :
vs.                                             :       OPINION & ORDER
                                                :       [Resolving Doc. Nos. 1, 19 & 21]
Commissioner of Social Security,                :
                                                :
            Defendant.                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Charles E. Hewitt challenges the final decision of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits and supplemental social security income.[1/] Specifically, Plaintiff Hewitt asserts five assignments of error: first, that the Administrative Law Judge ("ALJ") improperly evaluated the opinions of Hewitt's treating physicians; second, that the ALJ erred by failing to label certain impairments as severe; third, that the ALJ's residual functional capacity analysis lacks substantial support in the record; fourth, that the ALJ assigned improper weight to the medical opinions of non-treating physicians; and fifth, that the ALJ erred by failing to conduct a supplemental hearing after Hewitt had failed to attend an initial hearing.[2/]

This matter was referred to Magistrate Judge McHargh pursuant to Local Rule 72.2. On November 16, 2012, Magistrate Judge McHargh recommended that the Commissioner's decision

---

[1/] Doc. 1.
[2/] Doc. 14.

Case No. 1:11-CV-2682
Gwin, J.

denying benefits be vacated and the case remanded to the Social Security Administration.[3]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.[4] Parties must file any objections to a Report and Recommendation within fourteen days of service.[5] Failure to object within this time waives a party's right to appeal the district court's judgment.[6] Absent objection, a district court may adopt the magistrate judge's report without review.[7]

In this case, neither party has objected to the Magistrate Judge's recommendation.[8] Moreover, having conducted its own review of the record and the parties' briefs in this case, the Court agrees with the conclusions of Magistrate Judge McHargh.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge McHargh's Report and Recommendation and incorporates it fully herein by reference, and **VACATES** the decision of the Commissioner of Social Security and **REMANDS** for proceedings consistent with the Report and Recommendation. The Court also **GRANTS** Plaintiff's motion to file a motion for attorneys' fees

---

[3] Doc. 19.
[4] 28 U.S.C. § 636(b)(1)(C).
[5] *Id.*; Fed. R. Civ. P. 72(b)(2).
[6] *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).
[7] *See Thomas*, 474 U.S. at 149.
[8] *See* doc. 20 (indicating that the government would not file any response).

Case No. 1:11-CV-2682
Gwin, J.

within ninety days from the date of a favorable decision issued by the Social Security Administration upon remand.[9]

    IT IS SO ORDERED.

Dated: February 21, 2013          s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[9] Doc. 21.

-3-